J. S40003/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　v.　　　　　　:
　　　　　　　　　　　　　　　　　:
THOMAS JAY KING,　　　　　　　　:　　　　No. 1981 WDA 2013
　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　:


Appeal from the Judgment of Sentence, November 25, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0010025-2009


BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED JULY 28, 2015**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following appellant's conviction on two counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), (4).  Appellant contends the evidence was insufficient to sustain his convictions.  We quash.

On August 8, 2011, appellant appeared before the Honorable David R. Cashman for a jury trial.  At the close of the trial, appellant was found guilty of both charges.  Sentencing was postponed pending the preparation of a pre-sentence report.  On November 4, 2011, the trial court sentenced appellant to a term of three to six years' imprisonment for aggravated assault causing serious bodily injury, to be followed by a five-year probationary term at the second count.  Neither post-sentence motions nor a direct appeal was filed.  On December 12, 2012, appellant, acting ***pro se***,

---

* Former Justice specially assigned to the Superior Court.

filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed and on August 26, 2013, filed a **Turner**/**Finley** no-merit letter and sought to withdraw.[1] In her no-merit letter, appellant's counsel advised that the petition was untimely and no time-bar exceptions applied.[2] (Docket #25 at 1). Counsel also pointed out that the sentencing court failed to address appellant's Recidivism Risk Reduction Incentive ("RRRI") status. (**Id.** at 3).

A hearing was held on November 25, 2013, to address the court's failure to consider appellant's RRRI eligibility. After the hearing, the following order was entered:

> And now 11-25-2013 in open court with the defendant present, after consideration of the Post Conviction Relief Act (PCRA) Petition, being GRANTED, the SENTENCE imposed on 4th day of November, 2011, be Vacated and a new sentence be imposed. Appellate Right[sic] are Reinstated.

Docket #28.

The court entered a "Modified Order of Sentence" on November 25, 2013, that re-imposed appellant's original sentence and added "Defendant is NOT RRRI ELIGIBLE." (Docket #27.) This appeal followed.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988 Pa.) (**en banc**).

[2] Counsel also examined the applicability of the prisoner mailbox rule and determined appellant's PCRA petition was postmarked five days beyond the one-year deadline. (Docket #25 at 5 n.5.)

It is undisputed that the PCRA petition was untimely filed. "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010), quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006).

Here, the trial court re-imposed appellant's sentence while adding language to the sentencing order that appellant was not RRRI eligible. Neither the Commonwealth nor appellant is questioning the power of the trial court to correct an allegedly illegal sentencing order absent jurisdiction pursuant to 42 Pa.C.S.A. § 5505, **Modification of Orders**,[3] or the PCRA.

Nevertheless, we believe this case is amenable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction. ***See Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007). A "patent error" or "patent mistake" is a fact that is apparent from a review of the docket without resorting to third-party information. ***Id.*** at 66. Here, it is clear from the original sentencing order that the trial court

---

[3] **§ 5505. Modification of orders**

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

failed to include whether defendant was or was not RRRI eligible. Therefore, we believe the trial court could correct its sentencing order.

However, we conclude the trial court erred when it granted appellant's untimely PCRA petition and restored appellant's direct appeal rights. We note the Commonwealth was in agreement with the trial court's actions of reinstating appellant's direct appeal rights. (Notes of testimony, 11/25/13 at 3.) However, it is axiomatic that jurisdiction cannot be conferred by stipulation. *See Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa.Super. 2002) (all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA), *appeal denied*, 827 A.2d 429 (Pa. 2003). Appellant is now arguing sufficiency of the evidence to sustain his conviction and not the modification of his sentence. This he cannot do.

Accordingly, we quash this appeal.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015